**WAL–MART STORES, INC., Limited, Inc., on behalf of themselves and all other similarly situated persons, Sears Roebuck and Co., International Mass Retail Association, National Retail Federation, Safeway Inc., Circuit City Stores, Inc. and Food Marketing Institute, Plaintiffs–Appellees,**

**Dow Jones and Company, Inc., Intervenor–Plaintiff,**

**v.**

**Roman BUHOLZER, also known as Continental Garden Restaurant, Objector–Intervenor–Plaintiff–Appellant,**

**Rent Tech, Inc., Objector–Appellant,**

**Rental Solutions, Inc., Intervenor–Appellant,**

**Visa U.S.A. Inc. and Mastercard International Incorporated, Defendants.**

No. 04–3122.

United States Court of Appeals, Second Circuit.

Nov. 15, 2005.

Stacey Anne Mahoney, Constantine & Partners, New York, N.Y. (Amy N. Roth, on the brief), for Plaintiffs–Appellees.

Lawrence W. Schonbrun, Law Offices of Lawrence W. Schonbrun, Berkeley, CA, for Appellant Buholzer.

Steven F. Helfand, Helfand, Law Offices, San Francisco, CA and John W. Davis, Law Office of John W. Davis, San Francisco, CA, for Appellants Rent Tech and Rental Solutions.

PRESENT: CALABRESI, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

In *Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir.2005), we upheld a class action settlement agreement between approximately five million merchants and two large corporations, Visa U.S.A. Inc. and MasterCard International Inc. The agreement, which required Visa and Mastercard to pay more than $3 billion in compensatory damages, was said to be the largest in the "history of antitrust law." *Id.*, 396 F.3d at 101. Although the principal litigants have seemingly settled their differences, the case has given rise to derivative disputes over attorneys' fees.

Prior to our approval of the settlement, lead counsel for the class of merchants asked for attorneys' fees in the amount of $609 million. Seventeen class members objected to the amount sought. The district court (Gleeson, *J.*), without relying on the objectors' arguments, denied the request as excessive and granted what it considered to be a more suitable award: $220 million in attorneys' fees and $18 million for the reimbursement of costs and expenses. We upheld this award as reasonable. *See id.*, 396 F.3d at 121–24.

Appellants Rent Tech, Inc., Rental Solutions, Inc. (both represented by John W. Davis and Steven F. Helfand), and Roman Buholzer (represented by Lawrence W. Schonbrun), along with several other objectors, then sought attorneys' fees and expenses for their part in challenging lead counsel's fee application. The district court appointed a special master, Robin M. Wilcox, to assess the merits of these petitions. After reviewing the fee requests, the special master issued a comprehensive

report that recommended that some limited awards be granted to many of the attorneys who had raised objections to lead counsel's request for $609 million in attorneys' fees. The district court adopted the special master's recommendations in their entirety.

Based on the special master's appraisal, the district court awarded $15,721.13 in attorneys' fees and expenses to Davis and Helfand,[1] and $8,066.87 in attorneys' fees and expenses to Schonbrun.[2] Not satisfied with the district court's award, Davis, Helfand, and Schonbrun have appealed the decision, insisting that the court erred in its calculation. We affirm the judgment of the court below.

We presume the parties' familiarity with the facts, procedural history, and scope of issues presented on appeal, which we reference only as necessary to explain our decision. It is well established that a district court's fee award is reviewed only for abuse of discretion. *See Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 47 (2d Cir.2000). And although we have extolled the "valuable and important role" of objectors, *see White v. Auerbach,* 500 F.2d 822, 828 (2d Cir.1974), we have held that objectors are "entitled to an allowance as compensation for attorneys' fees and expenses *where a proper showing has been made that the settlement was improved as a result of their efforts." Id.* (emphasis added).

In the case before us, the district court granted fees and expenses to appellants despite its apparent belief that appellants'

contributions were "minimal in the overall resolution of the issue" and "did not drive" the court's decision. In doing so, the district court adopted the special master's recommendation that appellants receive substantially less compensation than they requested. Before settling on the amount, however, it properly considered all relevant factors, and on the basis of that consideration, it reached perfectly sensible conclusions. The court did not credit appellants with the full number of hours they claim to have devoted to the suit, but, as we have held, a district court, based on its "first-hand knowledge of [the] litigation and its extensive contact with the parties" is entitled to "exclude excessive and unreasonable hours from its fee computation." *Luciano v. Olsten Corp.,* 109 F.3d 111, 117 (2d Cir.1997). Under the circumstances, the district court's conclusions were not error. Appellants' arguments to the contrary are unavailing and, indeed, border on being frivolous.

We have considered all of the parties' contentions and find them to be without merit. The decision of the district court is therefore AFFIRMED.

---

1. Davis and Helfand's award consisted of compensation for 33.7 attorney hours at a rate of $350.00 per hour in addition to 15.5 travel hours at an hourly rate of $175.00. It also included $1,213.63 for expenses.

2. Schonbrun's award consisted of compensation for 10 attorney hours at the rate of $350.00 per hour in addition to 18 travel hours at $175.00 per hour; he was also reimbursed for $1,416.87 in expenses.